GLENN S. LEON
Chief
U.S. Department of Justice
Criminal Division, Fraud Section
BRANDON BURKART (NY. Bar No. 4840674)
Trial Attorney
1400 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 341-6287
Facsimile: (202) 514-0152
E-mail: brandon.burkart@usdoj.gov
Andrew Jaco (DC. Bar No. 1029334)
1400 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 740-0953
Facsimile: (202) 514-0152
E-mail: andrew.j.jaco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KI YOUNG LEE,<br>Defendant. | No. CR 8:23-cr-00132-FWS<br><br>PLEA AGREEMENT FOR DEFENDANT KI YOUNG LEE |

1. This constitutes the plea agreement between KI YOUNG LEE ("defendant") and the United States Department of Justice, Criminal Division, Fraud Section (the "DOJ") in the above-captioned case. This agreement is limited to the DOJ and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the DOJ and provided by the Court, appear and plead guilty to count one of the Indictment, which charges defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment[s] at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Defendant agrees that any and all criminal debt ordered by the Court will be due in full. The DOJ is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i. Authorize the DOJ to obtain a credit report upon returning a signed copy of this plea agreement.

j. Consent to the DOJ inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

k. The entry as part of defendant's guilty plea of a personal money judgment of forfeiture against defendant in the amount of $124,900, less any amount that the defendant pays back to the Government prior to the final order of forfeiture, which sum defendant admits was derived from proceeds traceable to the violations described in the factual basis. Defendant understands that the money judgment of forfeiture is part of defendant's sentence.

3. Defendant further agrees to cooperate fully with the DOJ, the Federal Bureau of Investigation, the Treasury Inspector General for Tax Administration - Office of the Inspector General, the Internal Revenue Service - Criminal Investigations, the Small Business Administration - Office of the Inspector General, and, as directed by the DOJ, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority. This cooperation requires defendant to:

a. Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b. Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the DOJ or compelled by subpoena or court order.

c. Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the DOJ, or its designee, inquires.

4. For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE DOJ'S OBLIGATIONS

5. The DOJ agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and, if necessary, move for an additional one-level reduction if available under that section.

6. The DOJ further agrees:

a. Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the DOJ, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the DOJ, any Cooperation Information. Defendant agrees, however, that the DOJ may use both Cooperation Information

and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b. Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed. Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c. In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d. If the DOJ determines, in its exclusive judgment, that defendant has both complied with defendant's obligations above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the

sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

7. The DOJ also agrees that if the defendant's guilty plea to Count 1 of the Indictment charging him with Wire Fraud, in violation of Title 18, United States Code, Section 1343, is accepted by the Court, the DOJ will move to dismiss Count 6 of the Indictment, charging him with Money Laundering, in violation of Title 18, United States Code, Section 1957.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

8. Defendant understands the following:

a. Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b. Nothing in this agreement requires the DOJ or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c. Defendant cannot withdraw defendant's guilty plea if the DOJ does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the DOJ makes such a motion and the Court does not grant it or if the Court grants such a motion but elects to sentence above the reduced range.

d. At this time the DOJ makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes or will constitute substantial assistance. The decision whether defendant has provided

substantial assistance will rest solely within the exclusive judgment of the DOJ.

e. The DOJ's determination whether defendant has provided substantial assistance will not depend in any way on whether the DOJ prevails at any trial or court hearing in which defendant testifies or in which the DOJ otherwise presents information resulting from defendant's cooperation.

NATURE OF THE OFFENSE

9. Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, the following must be true: (1) defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

PENALTIES AND RESTITUTION

10. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the DOJ's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $124,900. If the restitution amount is determined to be greater than $124,900, defendant may argue that the amount should be limited to $124,900 and not more.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

15. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the DOJ agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below, but it is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or around March 2020 and continuing through in or around, at least, December 2020, in Los Angeles County and Orange County, within the Central District of California, and elsewhere, defendant agreed and conspired with Abraham Park to submit fraudulent applications to the SBA for loans through the Economic Injury Disaster Loan ("EIDL") program.

Defendant is the owner of a business called Methuselah Inc., d/b/a Dino's Chicken & Burgers, a fast-food chicken restaurant, and Amelee Trading Inc. ("Amelee"), a packing company. Defendant first met Park when he was referred to Park's business, Glovision. Park told defendant that he could assist defendant in getting loans for Dino's and Amelee. Defendant provided Park with business records for Dino's and Amelee as well as defendant's personal information for Park to use in obtaining loans for defendant.

Park informed defendant of the EIDL program and suggested creating fake companies to submit additional fraudulent loan applications. As part of the scheme, defendant, Park, and others, created several fake California-based companies, listing the

defendant as the owner or other principal of the fake companies. As part of the scheme, Park also submitted, with the assistance of the defendant, a fraudulent loan application for Amelee. Amelee and the fake companies did not have any operations or employees, and none of them paid payroll taxes to any state in the United States or to the federal government. In addition to creating the fake companies, defendant, at Park's direction, opened bank accounts for those companies for purposes of receiving the loan proceeds from the SBA. The accounts were opened at various banks in California.

After the fake companies were created and the bank accounts were opened, defendant and Park, with the assistance of others, submitted fraudulent applications electronically, via interstate wire communications, on behalf of the fake companies and Amelee to the SBA. Fraudulent EIDL loan applications for the fake companies and Amelee were submitted to the SBA between in or around April 2020 and in or around December 2020. Each of these applications listed defendant as the purported owner of the applicant company, and contained material misrepresentations about the company, including lies about the number of employees at the company, the operational status of the company, and the cost of goods sold and gross revenues of the company in 2019. Additionally, false and material representations were made on the applications that the EIDL funds would be used for permissible purposes, including: payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. For all the applications for Amelee and the fake companies, defendant knew that the applications that were being submitted contained false information, and defendant,

along with Park and others, knew these statements were material to the SBA and that they were made in order to defraud the SBA.

One of the fraudulent EIDL applications was approved by the SBA, and the SBA paid a total of $124,900 into a bank account in the name of defendant. Once the money was deposited by the SBA, defendant provided some of the proceeds to Park, and defendant knowingly misappropriated and misused the loan proceeds for his own personal benefit. The accounts into which the funds were deposited were used primarily to dissipate the illegally obtained funds through, at least, October 2020.

SENTENCING FACTORS

16. Defendant understands that in determining defendant’s sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

17. Defendant and the DOJ agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [U.S.S.G. § 2B1.1(a)(1)] |
| Specific Offense Characteristics | +14 | [U.S.S.G. § 2B1.1(b)(1)(H)] |

Loss Enhancement of $646,300

Sophisticated Means +2 [U.S.S.G. § 2B1.1(b)(10)]

The DOJ will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraphs 2-3 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below. Subject to paragraph 30, defendant and the DOJ agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, with the exception that the parties agree that:

a. Defendant may argue that an enhancement under U.S.S.G. § 2B1.1(b)(10) for the use of sophisticated means should or should not be applied; and

b. the parties may argue or agree that the adjustment for zero-point offenders pursuant to U.S.S.G § 4C1.1 applies.

c. Defendant agrees, moreover, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the DOJ were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the DOJ, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the DOJ would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

18. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19. Defendant and the DOJ reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

20. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $124,900; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release

imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The DOJ agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 18 and the criminal history category calculated by the Court, the DOJ gives up its right to appeal any portion of the sentence, with the exception that the DOJ reserves the right to appeal the amount of restitution ordered if that amount is less than $124,900.

24. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant’s plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that: (a) if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant’s guilty plea on any basis other than a claim and finding that entry into this plea agreement was

involuntary, then the DOJ will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; and (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a DOJ Trial Attorney.

BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and a DOJ Trial Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the DOJ may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the DOJ to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the DOJ in writing. If the DOJ declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the DOJ will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the DOJ choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, including Cooperation Information, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the DOJ's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the DOJ are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case. While this paragraph permits both the DOJ and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the DOJ's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the DOJ and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

GLENN S. LEON
CHIEF

[signature] June 17, 2024

BRANDON BURKART
ANDREW JACO
Trial Attorney
Date

[signature] June 14 24

KI YOUNG LEE
Defendant
Date

[signature] 6/14/2024

CAROLINE HAHN
Attorney for Defendant
Date

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety and this agreement has been read to me in Korean, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

KI YOUNG LEE
Defendant

June 14 24
Date

CERTIFICATION OF INTERPRETER

I, Jinah Lee, am fluent in the written and spoken English and Korean languages. I accurately translated

this entire agreement from English into Korean to defendant Ki Young Lee on this date.

INTERPRETER Jinah Lee

Date 06/14/2024

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KI YOUNG LEE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

CAROLINE HAHN
Attorney for Defendant

Date 6/14/2024